IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

Bankruptcy Case Number_____**16-24153**_____

Debtor#1:_____**Leonard M. Aftanas**_____    Last Four (4) Digits of SSN: **4700**

Debtor#2:_____**Mary J. Aftanas**_____    Last Four (4) Digits of SSN: **6698**

*Check if applicable*  □ **Amended Plan** □ **Plan expected to be completed within the next 12 months**

### CHAPTER 13 PLAN DATED ___**November 21, 2016**_____
### COMBINED WITH CLAIMS BY DEBTOR PURSUANT TO RULE 3004

*UNLESS PROVIDED BY PRIOR COURT ORDER THE OFFICIAL PLAN FORM MAY NOT BE MODIFIED*

**PLAN FUNDING**
Total amount of ___**$ 1,335.00**_____ per month for a plan term of **60**  months shall be paid to the Trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $_____ | $ **1,335.00**_____ | $_____ |
| D#2 | $_____ | $_____ | $_____ |

(Income attachments must be used by Debtors having attachable income)         (SSA direct deposit recipients only)

Estimated amount of additional plan funds from sale proceeds, etc.: $_____
The Trustee shall calculate the actual total payments estimated throughout the plan.
The responsibility for ensuring that there are sufficient funds to effectuate the goals of the Chapter 13 plan rests with the Debtor.

**PLAN PAYMENTS TO BEGIN**:  no later than one month following the filing of the bankruptcy petition.

**FOR AMENDED PLANS**:
  i.   The total plan payments shall consist of all amounts previously paid together with the new monthly payment for the remainder of the plan's duration.
  iii. The payment shall be changed effective**.**_____
  iv.  The Debtor (s) have filed a motion requesting that the court appropriately change the amount of all wage orders.

The Debtor agrees to dedicate to the plan the estimated amount of sale proceeds: $_____ from the sale of this property (describe) _____. All sales shall be completed by_____. Lump sum payments shall be received by the Trustee as follows: _____.
Other payments from any source (describe specifically)

**The sequence of plan payments shall be determined by the Trustee, using the following as a general guide:**

*Level One:*   Unpaid filing fees.
*Level Two:*   Secured claims and lease payments entitled to Section 1326 (a)(1)(C) pre-confirmation adequate   protection payments.
*Level Three:* Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and post-petition utility claims.
*Level Four:*  Priority Domestic Support Obligations.
*Level Five:*  Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears.
*Level Six:*   All remaining secured, priority and specially classified claims, miscellaneous secured arrears.
*Level Seven:* Allowed general unsecured claims.
*Level Eight:* Untimely filed unsecured claims for which the Debtor has not lodged an objection.


**1. UNPAID FILING FEES  $310.00**

Filing fees: the balance of $**310.00**  shall be fully paid by the Trustee to the Clerk of Bankruptcy Court from the first available funds.

**2. PERSONAL PROPERTY SECURED CLAIMS AND LEASE PAYMENTS ENTITLED TO PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS UNDER SECTION 1326 (a)(1)(C)**

*Creditors subject to these terms are identified below within parts 3b, 4b, 5b or 8b.* Timely plan payments to the Trustee by the Debtor(s) shall constitute compliance with the adequate protection requirements of Section 1326 (a)(1)(C). Distributions prior to final plan confirmation shall be made at Level 2. Upon final plan confirmation, these distributions shall change to level 3. Leases provided for in this section are assumed by the Debtor(s).

**3(a). LONG TERM CONTINUING DEBTS CURED AND REINSTATED, AND LIEN (if any) RETAINED**

| Name of Creditor (include account #) | Description of Collateral (Address or parcel ID of real estate, etc.) | Monthly Payment (If changed, state effective date) | Pre-petition arrears to be cured (w/o interest, unless expressly stated) |
|---|---|---|---|
| **Ditech** | **2559 Nicholson Road Sewickley, PA 15143 Parcel ID 1203-A-382** | **$882.00 60% + escrow LMP Pending** | **$0.00 LMP Pending** |
|  |  |  |  |

3(b). *Long term debt claims secured by PERSONAL property entitled to §1326 (a)(1)(C) preconfirmation adequate protection payments:*

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

**4. SECURED CLAIMS TO BE PAID IN FULL DURING TERM OF PLAN, ACCORDING TO ORIGINAL CONTRACT TERMS, WITH NO MODIFICATION OF CONTRACTUAL TERMS AND LIENS RETAINED UNTIL PAID**

4(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata" but instead, state the monthly payment to be applied to the claim):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
|  |  |  |  |  |

4(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Contractual Monthly Payment (Level 3) | Principal Balance Of Claim | Contract Rate of Interest |
|---|---|---|---|---|
|  |  |  |  |  |

**5. SECURED CLAIMS TO BE FULLY PAID ACCORDING TO MODIFIED TERMS AND LIENS RETAINED**

5(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim)*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
| **First National Bank of Pennsylvania** | **2011 Chevrolet Cruze** | **$8,239.61** | **4%** | **$151.74** |
|  |  |  |  |  |

5(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Monthly Payment at Level 3 or Pro Rata |
|---|---|---|---|---|
|  |  |  |  |  |

**6. SECURED CLAIMS NOT PAID DUE TO SURRENDER OF COLLATERAL; SPECIFY DATE OF SURRENDER**

**7. THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIENS OF THE FOLLOWING CREDITORS:**

| Name the Creditor and identify the collateral with specificity. | Name the Creditor and identify the collateral with specificity. |
|---|---|
|  |  |
|  |  |

**8. LEASES. Leases provided for in this section are assumed by the debtor(s). Provide the number of lease payments to be made by the Trustee**.

8(a). *Claims to be paid at plan level three (for vehicle payments, do not use "pro rata"; instead, state the monthly payment to be applied to the claim):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
|  |  |  |  |

8(b). *Claims entitled to preconfirmation adequate protection payments pursuant to Section 1326 (a)(1)(C) (Use only if claim qualifies for this treatment under the statute, and if claims are to be paid at level two prior to confirmation, and moved to level three after confirmation):*

| Name of Creditor (include account#) | Description of leased asset | Monthly payment amount and number of payments | Pre-petition arrears to be cured (Without interest, unless expressly stated otherwise) |
|---|---|---|---|
|  |  |  |  |

**9. SECURED TAX CLAIMS FULLY PAID AND LIENS RETAINED**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest * | Identifying Number(s) if Collateral is Real Estate | Tax Periods |
|---|---|---|---|---|---|
| **PA Dept. of Revenue Claim No. 1** | **$7,251.74** | **Income** |  | **2559 Nicholson Rd. Sewickley, PA 15143 Parcel ID 1203-A-382** | **2008. 2009** |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

*\* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and County of Allegheny shall bear interest at the statutory rate in effect as of the date of confirmation of the first plan providing for payment of such claims.*

**10. PRIORITY DOMESTIC SUPPORT OBLIGATIONS:**

If the Debtor (s) is currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the Debtor (s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders. If this payment is for prepetition arrearages only, check here: ☐  As to "Name of Creditor," specify the actual payee, e.g. PA SCDU, etc.

| Name of Creditor | Description | Total Amount of Claim | Monthly Payment or Prorata |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**11. PRIORITY UNSECURED TAX CLAIMS PAID IN FULL**

| Name of Taxing Authority | Total Amount of Claim | Type of Tax | Rate of Interest (0% if blank) | Tax Periods |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**12. ADMINISTRATIVE PRIORITY CLAIMS TO BE FULLY PAID**
   a. Percentage fees payable to the Chapter 13 Fee and Expense Fund shall be paid at the rate fixed by the United States Trustee.
   b. Attorney fees are payable to **THOMPSON LAW GROUP, P.C.**. In addition to a retainer of $__**1,000.00**__ already paid by or on behalf of the Debtor, the amount of $__**3,000.00**__ is to be paid at the rate of $**250.00** per month. Including any retainer paid, a total of $_____ has been approved pursuant to a fee application. An additional $**2,500.00** will be sought through a fee application to be filed and approved before any additional amount will be paid through the Plan.

**13. OTHER PRIORITY CLAIMS TO BE PAID IN FULL**

| Name of Creditor | Total Amount of Claim | Interest Rate (0% if blank) | Statute Providing Priority Status |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**14. POST-PETITION UTILITY MONTHLY PAYMENTS.** This provision completed only if utility provider has agreed to this treatment.

These payments comprise a single monthly combined payment for post-petition utility services, any post-petition delinquencies and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility file a motion requesting a payment change, the Debtor will be required to file an amended plan. These payments may not resolve all of the post-petition claims of the utility. The utility may require additional funds from the Debtor (s) after discharge.

| Name of Creditor | Monthly Payment | Post-petition Account Number |
|---|---|---|
|  |  |  |
|  |  |  |

**15. CLAIMS OF UNSECURED NONPRIORITY CREDITORS TO BE SPECIALLY CLASSIFIED.** If the following is intended to be treated as long term continuing debt treatment pursuant to Section 1322(b)(5) of the Bankruptcy Code, check here: ☐

| Name of Creditor | Principal Balance or Long Term Debt | Rate of Interest (0% if blank) | Monthly Payments | Arrears to be Cured | Interest Rate on Arrears |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**16. CLAIMS OF GENERAL, NONPRIORITY UNSECURED CREDITORS**

Debtor(s) ESTIMATE that a total of $**0.00** will be available for distribution to unsecured, non-priority creditors. Debtor(s) UNDERSTAND that a MINIMUM of $**0.00** shall be paid to unsecured, non-priority creditors in order to comply with the liquidation alternative test for confirmation. The total pool of funds estimated above is NOT the MAXIMUM amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined **0.00** %. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within 30 days of filing the claim. Creditors not specifically identified in Parts 1 - 15, above, are included in this class.

### GENERAL PRINCIPLES APPLICABLE TO ALL CHAPTER 13 PLANS

This is the voluntary Chapter 13 reorganization plan of the Debtor (s). The Debtor (s) understand and agree that the Chapter 13 plan may be extended as necessary by the Trustee, to not more than sixty (60) months, in order to insure that the goals of the plan have been achieved. Property of the estate shall not re-vest in the Debtor (s) until the bankruptcy case is closed.

The Debtor (s) shall comply with the tax return filing requirements of Section 1308, prior to the Section 341 Meeting of Creditors, and shall provide the Trustee with documentation of such compliance at or before the time of the Section 341 Meeting of Creditors. Counsel for the Debtor(s), or Debtor (if not represented by counsel), shall provide the Trustee with the information needed for the Trustee to comply with the requirements of Section 1302 as to notification to be given to Domestic Support Obligation creditors, and Counsel for the Debtor(s), or Debtor (if pro se) shall provide the Trustee with the calculations relied upon by Counsel to determine the Debtor (s)' current monthly income and disposable income.

As a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the plan, Counsel for the debtor(s), or the debtor(s) if not represented by counsel, shall file with the Court Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) within forty-five (45) days after making the final plan payment.

All pre-petition debts are paid through the Trustee. Additionally, ongoing payments for vehicles, mortgages and assumed leases are also paid through the Trustee, unless the Court orders otherwise.

Percentage fees to the Trustee are paid on all distributions at the rate fixed by the United States Trustee. The Trustee has the discretion to adjust, interpret and implement the distribution schedule to carry out the plan. The Trustee shall follow this standard plan form sequence unless otherwise ordered by the Court.

The provisions for payment to secured, priority and specially classified creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the Trustee will not be required. The Clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. If the secured, priority or specially classified creditor files its own claim, then the creditor's claim shall govern, provided the Debtor (s) and Debtor (s)' counsel have been given notice and an opportunity to object. The Trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

Any Creditor whose secured claim is modified by the plan, or reduced by separate lien avoidance actions, shall retain its lien until the plan has been fully completed, or until it has been paid the full amount to which it is entitled under applicable non-bankruptcy law, whichever occurs earlier**.**  Upon payment in accordance with these terms and successful completion of the plan by the Debtor (s), the creditor shall promptly cause all mortgages and liens encumbering the collateral to be satisfied, discharged and released

Should a pre-petition Creditor file a claim asserting secured or priority status that is not provided for in the plan, then after notice to the Trustee, counsel of record,  (or the Debtor (s) in the event that they are not represented by counsel), the Trustee shall treat the claim as allowed unless the Debtor(s) successfully objects.

Both of the preceding provisions will also apply to allowed secured, priority and specially classified claims filed after the bar date. LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' COUNSEL OF RECORD (OR DEBTOR, IF PRO SE) WILL NOT BE PAID.  The responsibility for reviewing the claims and objecting where appropriate is placed on the Debtor.

**BY SIGNING THIS PLAN THE UNDERSIGNED, AS COUNSEL FOR THE DEBTOR(S), OR THE DEBTOR(S) IF NOT REPRESENTED BY COUNSEL, CERTIFY THAT I/WE HAVE REVIEWED ANY PRIOR CONFIRMED PLAN(S), ORDER(S) CONFIRMING PRIOR PLAN(S), PROOFS OF CLAIM FILED WITH THE COURT BY CREDITORS, AND ANY ORDERS OF COURT AFFECTING THE AMOUNT(S) OR TREATMENT OF ANY CREDITOR CLAIMS, AND EXCEPT AS MODIFIED HEREIN, THAT THIS PROPOSED PLAN CONFORMS TO AND IS CONSISTENT WITH ALL SUCH PRIOR PLANS, ORDERS AND CLAIMS.  FALSE CERTIFICATIONS SHALL SUBJECT THE SIGNATORIES TO SANCTIONS UNDER FED.R.BANK.P. 9011.**

Attorney Signature **s/Brian C. Thompson, Esquire**

Attorney Name and Pa. ID # **Brian C. Thompson, Esquire   Pa.ID 91197**

Attorney Address and Phone **125 Warrendale-Bayne Road, Suite 200, Warrendale PA 15086**

Debtor Signature **s/Leonard M. Aftanas**

Debtor Signature **s/Mary J. Aftanas**

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 16-24153-CMB
Leonard M. Aftanas                                                        Chapter 13
Mary J. Aftanas
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2          User: aala              Page 1 of 2              Date Rcvd: Mar 16, 2017
                              Form ID: pdf900         Total Noticed: 48

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 18, 2017.
```
db/jdb         +Leonard M. Aftanas,    Mary J. Aftanas,    2559 Nicholson Road,    Sewickley, PA 15143-8502
cr             +First National Bank of Pennsylvania,    c/o Donna Donaher,    One North Shore Center,
                 12 Federal Street, First Floor,    Pittsburgh, PA 15212-5752
cr             +Peoples Natural Gas Company LLC,    c/o S. James Wallace, P.C.,    845 N. Lincoln Ave.,
                 Pittsburgh, PA 15233-1828
14318451       +AAA Debt Recovery,    PO Box 129,    Monroeville, PA 15146-0129
14318452       +Allegheny County Court of Common Pleas,    Dept. of Court Records, Criminal Div,
                 114 Courthouse,    436 Grant Street,    Pittsburgh, PA 15219-2400
14318453       +Associates in Gastroenterology,    5500 Brooktree Road,    Suite 201,    Wexford, PA 15090-9260
14318454       +CBCS,    PO Box 2724,    Columbus, OH 43216-2724
14318455       +Consolidated Communications,    4008 Gibsonia Road,    Gibsonia, PA 15044-9386
14318456        Credit Collections Co.,    509 Monongahela Blvd,    Morgantown, WV 26507
14318457      ++DIRECTV LLC,    ATTN BANKRUPTCIES,    PO BOX 6550,    GREENWOOD VILLAGE CO 80155-6550
               (address filed with court:   DirecTV,    PO Box 6550,    Greenwood Village, CO 80155)
14318459       +ER Automotive,    547 California Avenue,    Avalon, PA 15202-2426
14318460       +First National Bank of PA,    4140 E. State Street,    Hermitage, PA 16148-3401
14329155       +First National Bank of Pennsylvania,    c/o Donna Donaher,    One North Shore Center,
                 12 Federal Street, Suite 105,    Pittsburgh, PA 15212-5753
14318462       +First National Bank of Pennsylvania,    One FNB Blvd.,    Hermitage, PA 16148-3363
14318461       +First National Bank of Pennsylvania,    PO Box 6000,    Hermitage, PA 16148-0900
14318463       +Genesis Medical Associates,    8150 Perry Hwy, Suite 300,    Pittsburgh, PA 15237-5232
14318464        Green Tree Servicing, LLC,    345 St. Peter Street,    1100 Landmark Towers,
                 Saint Paul, MN 55102
14318466       +James F. Brungo DPM,    8035 McKnight Road,    Andre Plaza Suite 104,    Pittsburgh, PA 15237-3036
14318467       +Joseph Bikowski, M.D Associates Inc.,    500 Chadwick Street,    Sewickley, PA 15143-1851
14318468       +KML Law Group, PC,    Mellon Independence Center, Ste 5000,    701 Market Street,
                 Attn: Jennifer L. Frechie, Esquire,    Philadelphia, PA 19106-1538
14318469       +McCandless Franklin Park Ambulance Auth,    Box 1,    Ingomar, PA 15127-0001
14318470       +McKesson Patient Care Solutions,    540 Lindbergh Drive,    Moon, PA 15108-2750
14318471       +Med Express Billing,    PO Box 719,    Dellslow, WV 26531-0719
14318473       +PA Department of Revenue,    Bureau of Compliance - Lien Section,    PO Box 280948,
                 Harrisburg, PA 17128-0948
14325550       +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14318475        Peoples Gas,    PO Box 644760,    Pittsburgh, PA 15264-4760
14347797       +Peoples Natural Gas Company LLC,    c/o S. James Wallace, P.C.,    845 North Lincoln Avenue,
                 Pittsburgh, PA 15233-1828
14318479       +Tri Rivers Surgical Assoc., Inc.,    9104 Babcock Blvd. #2120,    Pittsburgh, PA 15237-5818
14318480        U.S. Attorneys Office,    Western District of PA,    633 U.S. Post Office & Courthouse,
                 Grant Street,    Pittsburgh, PA 15219
14318482        UPMC Passavant,    PO Box 382059,    Pittsburgh, PA 15250-8059
14318483       +UPMC Physician Services,    PO Box 371980,    Pittsburgh, PA 15250-7980
14318484       +Waste Management,    PO Box 13577,    Philadelphia, PA 19101-3577
14348582        Wells Fargo Bank N.A.,,    d/b/a Wells Fargo Dealer Services,    PO Box 19657,
                 Irvine, CA 92623-9657
14318485       +Wells Fargo Dealer Services,    PO Box 1697,    Winterville, NC 28590-1697
14318486       +West View Water Authority,    PO Box 747107,    Pittsburgh, PA 15274-7105
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14318458       +E-mail/Text: bankruptcy.bnc@ditech.com Mar 17 2017 01:39:31     Ditech,   PO Box 94710,
                 Palatine, IL 60094-4710
14379412        E-mail/Text: bankruptcy.bnc@ditech.com Mar 17 2017 01:39:31
                 Ditech Financial LLC fka Green Tree Servicing LLC,    P.O. Box 6154,
                 Rapid City, South Dakota 57709-6154
14318465       +E-mail/Text: cio.bncmail@irs.gov Mar 17 2017 01:39:29     Internal Revenue Service,
                 PO Box 7346,   Philadelphia, PA 19101-7346
14351907        E-mail/Text: bkr@cardworks.com Mar 17 2017 01:39:22     MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,   Greenville, SC 29603-0368
14318472       +E-mail/Text: bkr@cardworks.com Mar 17 2017 01:39:22     Merrick Bank,   PO Box 9201,
                 Old Bethpage, NY 11804-9001
14381573        E-mail/Text: peritus@ebn.phinsolutions.com Mar 17 2017 01:40:13
                 PERITUS PORTFOLIO SERVICES II, LLC,    PO BOX 141419,   Irving, Tx 75014-1419
14318476        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 17 2017 01:52:37
                 Portfolio Recovery Associates,    120 Corporate Blvd,   Suite 100,   Norfolk, VA 23502
14362673       +E-mail/Text: bankruptcy@firstenergycorp.com Mar 17 2017 01:39:51     Penn Power,
                 5001 NASA Blvd,    Fairmont WV 26554-8248
14318474       +E-mail/Text: bankruptcy@firstenergycorp.com Mar 17 2017 01:39:51     Penn Power,   PO Box 3687,
                 Akron, OH 44309-3687
14334694        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 17 2017 01:39:41
                 Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
                 Harrisburg, Pa.  17128-0946
14318477        E-mail/Text: appebnmailbox@sprint.com Mar 17 2017 01:39:44     Sprint,   PO Box 4191,
                 Carol Stream, IL 60197
```

```
District/off: 0315-2          User: aala              Page 2 of 2              Date Rcvd: Mar 16, 2017
                              Form ID: pdf900         Total Noticed: 48
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)
```
14318478         +E-mail/Text: bankruptcydepartment@tsico.com Mar 17 2017 01:40:08      Transworld Systems, Inc.,
                  507 Prudential Road,    Horsham, PA 19044-2308
14318481         +E-mail/Text: BankruptcyNotice@upmc.edu Mar 17 2017 01:40:06      UPMC,   2 Hot Metal Street,
                  Dist. Room 386,    Pittsburgh, PA 15203-2348
                                                                                              TOTAL: 13

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr                Ditech Financial LLC
cr*              PERITUS PORTFOLIO SERVICES II, LLC,   PO BOX 141419,   IRVING, TX   75014-1419
cr*             +PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                       TOTALS: 1, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 18, 2017                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 21, 2016 at the address(es) listed below:
```
              Brian C. Thompson    on behalf of Debtor Leonard M. Aftanas bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;LaurenKelly@thompsonattorney.com;jwrzosek@thompsonattorney.com;mgille
               spie@thompsonattorney.com;azema@ecf.inforuptcy.com;noreply@thompsonattorney.com;mhodge@thompsonat
               torney.com
              Brian C. Thompson    on behalf of Joint Debtor Mary J. Aftanas bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;LaurenKelly@thompsonattorney.com;jwrzosek@thompsonattorney.com;mgille
               spie@thompsonattorney.com;azema@ecf.inforuptcy.com;noreply@thompsonattorney.com;mhodge@thompsonat
               torney.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                               TOTAL: 4
```