## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re:  Leonard M. Aftanas and | : | Bankruptcy Case No.: 16-24153-CMB |
| Mary J. Aftanas, | : | |
| | : | |
| Debtors. | : | Chapter 13 |
| _____ | : | |
| Leonard M. Aftanas and | : | |
| Mary J. Aftanas, | : | Document No.: |
| | : | |
| Movants, | : | Related to Document No.: |
| | : | |
| v. | : | |
| | : | |
| Ditech Financial ,LLC, | : | |
| | : | |
| Respondent. | : | |

## ORDER SUBSTITUTING LMP SERVICER

On June 27, 2018 the above named Debtor(s) filed a *Motion for Loss Mitigation* upon which the Court entered a *Loss Mitigation Order* dated July 13, 2018 at Document No. 84, naming Ditech Financial, LLC ("Former Servicer") as the Party responsible for representing the creditor in the LMP and setting forth certain deadlines for the then named Respondent.

Subsequent to entry of the above-referenced Order, the Debtor(s) was notified that the Former Servicer changed and that the current Servicer/Lender is Caliber Home Loans, Inc. f/k/a Vericrest Financial, Inc. with an address of P.O. Box 24610, Oklahoma City, OK  73124-0610 ("Current Servicer").  On September 19, 2018 the Debtor complied with all its obligations to properly designate the Current Servicer on the LMP Portal and now it is incumbent on the Court to relieve the Former Servicer from any further responsibilities under the current *Loss Mitigation Order* and formally transfer those duties, responsibilities and obligations to the Current Servicer.

*AND NOW,* this ____ of _____, *2018*, for the foregoing reasons it is hereby *ORDERED*, *ADJUDGED and DECREED* that:

(1) Ditech Financial, LLC is relieved from any further responsibility pursuant to the *Loss Mitigation Order* referred to above and that *Order* is **VACATED** as to it.

(2) Caliber Home Loans, Inc. is now designated as the Current Servicer responsible for completion of all LMP duties, responsibilities and obligations previously imposed on the Former Servicer referred to in Paragraph 1, above. The Current Servicer is now fully responsible for compliance with all LMP requirements as if originally designated in the *Loss Mitigation Order* in the first instance.

(3) Within three (3) days of entry of this *Order*, the party filing this proposed order shall upload this signed *Order* on the LMP Portal and serve this *Order* electronically on the Chapter 13 Trustee at the following email address: **LMP@chapter13trusteewdpa.com.** The Debtor shall not be entitled to rely on CM/ECF or United States Mail for service of this *Order* on the Chapter 13 Trustee. The Debtor(s) Certificate of Service shall reflect service upon the above identified email address.

(4) The Chapter 13 Trustee is authorized and directed to make payments to the Caliber Home Loans, Inc. with an address of P.O. Box 24610, Oklahoma, OK 73124-0610, beginning with the next distribution date that is not less than ten (10) days from service of this *Order* upon the Chapter 13 Trustee.

_____
UNITED STATES BANKRUPTCY JUDGE

Case administrator to serve:
    Debtor(s)
    Counsel for Debtor(s)
    Ronda J. Winnecour, Esq. Ch 13 Trustee
    [Counsel for Creditor]